The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Edward Garner, Jr., and the briefs before the Full Commission. Both parties waived oral argument. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer.
3. Defendant-employer is self-insured with Crawford and Company acting as the servicing agent.
4. Plaintiff's average weekly wage is $308.40, which yields a compensation rate of $205.60 per week.
5. Plaintiff alleges an injury by accident that allegedly occurred on 22 September 1993, resulting in an injury to his back when he slipped and fell.
6. Defendant-employer denied liability and the issues to be determined by the Commission are whether plaintiff in fact suffered an injury by accident arising out of and in the course of employment, was proper notice provided to the employer, and whether plaintiff's present condition is related to his employment.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. Plaintiff is a forty-six year old male who was employed by Fast Food Merchandising in Forest City, North Carolina. Fast Food Merchandising is a food processing plant. Plaintiff was employed as a cleaner/washer. On 1 August 1993, and again on 28 September 1993, plaintiff, while on the job, slipped and fell. On 28 September 1993, an Industrial Commission Form 19 was filed which listed a fall on 22 September 1993.
2. On 16 August 1993, plaintiff went to the Cleveland Memorial Hospital. Plaintiff reported having pain in both legs and around the knee and thigh. He did not mention a fall, and no fall was indicated in the medical records.
3. On 18 August 1993, plaintiff returned to the Cleveland Memorial Hospital. This time he reported pain in the lateral thigh. Again, the medical records mentioned nothing regarding a fall. Plaintiff was diagnosed as having Meralgia Paresthetica and Diabetes Mellitus.
4. On 8 September 1993, plaintiff went again to the Cleveland Memorial Hospital. This time his complaint was thigh pain. Again, there is no mention of any kind of accident or fall.
5. Plaintiff first went to see Dr. Gary Mangum, an orthopedist practicing in Shelby, North Carolina, on 1 October 1993. Plaintiff complained of "pain and burning and tingling on the anterior aspect of both thighs." He did not mention an injury by accident or fall. Plaintiff was seen by Dr. J.A. Injejikian, a surgeon practicing in Shelby, on 11 October 1993. Dr. Injejikian's note show that the patient appeared "complaining of having pain in upper part of both legs." Again, there is no mention of an injury by accident or fall. Plaintiff returned to Dr. Mangum on 21 October 1993, still complaining of discomfort in his thighs. Dr. Mangum noted that the patient was "not making a lot of progress. Still a lot of pain." Dr. Mangum then scheduled an appointment with Dr. Leonel P. Limonte, a neurologist in Shelby, North Carolina.
6. On 14 October 1993 plaintiff went to Cleveland Memorial Hospital again with complaints of aches and pains in the left and right thighs. Again no mention of a fall or accident.
7. On 27 October 1993, plaintiff saw Dr. Limonte for a neurological exam. Plaintiff did not mention a fall or an injury by accident. Plaintiff was diagnosed as having diabetes. An MRI was performed in Shelby on 2 December 1993 and showed "modest diffuse bulge of the L4-5 intervertebral disc of questionable clinical significance." There was also "marked loss of signal intensity in the L4-5 disc due to chronic disc desiccation." On this visit, plaintiff mentioned a fall that occurred earlier.
8. On 28 October 1993, plaintiff told Drs. England and Godfrey that he injured his lower leg when he fell at work on 22 September 1993.
9. The condition for which plaintiff is being treated is related to his diabetes.
10. During the examination of 4 November 1993, Dr. Limonte's test results showed that plaintiff had evidence of bilateral sensoring amyotrophy with some evidence of chronic changes in the nerves coming from the spine, essentially, the results of just a long standing condition. The MRI that was done on 2 December 1993, revealed that plaintiff had at the fourth and fifth lumbar vertebrae a modest bulging of the disc and also there was evidence of just chronic disc damage also at the same space.
11. The degenerative spine disease which Dr. Limonte discovered is something that occurs in all of us with time to a greater or lesser extent. One can have degenerative disc or spine disease that develops with time without any type of specific acute traumatic occurrence. Dr. Limonte could not with any degree medical certainty whether the modest bulge was in fact causing pain to the plaintiff as opposed to his diabetic condition.
12. When asked if he had an opinion to a reasonable degree of medical certainty if the fall that plaintiff reported and the diagnosis that he made and the results from the radiological examination showing a bulging disc would be consistent with the kind of falls plaintiff reported, Dr. Limonte could only say that it was possible.
13. Plaintiff did not carry the burden of proof for the undersigned to determine if his present condition with his back is related to the falls that occurred at work.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Although plaintiff suffered a fall at work, it did not cause the injury for which he now complains.
2. Since plaintiff's condition was more likely than not caused by his diabetes, it is not compensable under the Workers' Compensation Act.
3. It is well established in North Carolina that the person claiming benefit of compensation has the burden of showing that the injury complained of resulted from an accident arising out of and in the course of the employment. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 57 S.E.2d 70 (1950). For an injury to be compensable under the Workers' Compensation Act it must be proximately caused by the accident arising of and suffered in the course of the employment. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980).
4. Based on the testimony of plaintiff's treating physician, Dr. Limonte, he did not satisfy his burden of proof that his problem is causally related to the accident which occurred on or about 22 September 1993. Therefore, he is not entitled to benefits under the Workers' Compensation Act. G.S. §97-2(6).
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay it workers's own costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________ LAURA KRANIFELD MAVRETIC DEPUTY COMMISSIONER